```
                              FILED
                      CLERK, U.S. DISTRICT COURT

                           12/20/2024

                      CENTRAL DISTRICT OF CALIFORNIA
                      BY: ___AP___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 5:24-cr-00292-JGB |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 982: Criminal Forfeiture] |
| LEAE GROUP, INC., aka Inland Empire Recycling, aka IER, and HARRIE COHEN, | |
| Defendants. | |

The United States Attorney charges:

[18 U.S.C. § 1343]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant LEAE GROUP, INC., an incorporated entity with its principal place of business located in Ontario, California, doing business as Inland Empire Recycling, and also known as IER ("defendant IER"), functioned as a "middleman" or scrap metal dealer in the scrap metal recycling business.

2. As a middleman, defendant IER obtained scrap metal, including steel and aluminum, among other types of scrap metal, from

different sources, including businesses that generated scrap metal as part of their manufacturing processes.

3. After obtaining scrap metal from its customers, defendant IER would take the scrap metal to a larger "downstream" scrap metal recycler, which in turn would sell the scrap metal to a mill so that the metal could be melted down for new use.

4. When accepting scrap metal from defendant IER, the downstream recycler would provide IER with a certified weight ticket, which reflected the type of metal accepted, and the weight of that metal; defendant IER would be paid for the scrap metal based on its type and weight.

5. Defendant HARRIE COHEN was the principal owner and operator of defendant IER.

B. SCHEME TO DEFRAUD

6. Beginning on an unknown date, but no later than in or around December 2013, and continuing until at least in or around April 2019, in San Bernardino County, within the Central District of California, and elsewhere, defendants IER and HARRIE COHEN, and others known and unknown, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud defendant IER's scrap metal recycling customers by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

C. MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME

7. The fraudulent scheme operated and was carried out, in substance, as follows:

   a. At defendant COHEN's direction, defendant IER's employees and representatives would quote certain customers and

2

prospective customers a price for their scrap metal below the market price for that metal, even though defendant IER would not be able to re-sell the metal for that price.

   b.   Defendant IER's employees would pick up scrap metal from defendant IER's customers, and transport that metal to another recycling business, which would weigh the scrap metal, create a certified weight ticket reflecting the weight and type of scrap metal, and pay defendant IER for the scrap metal.

   c.   At defendant COHEN's direction, defendant IER's employees would create fraudulent certified weight tickets for defendant IER's customers, reflecting a lower weight of scrap metal than was actually received from the customer, thereby "shorting weight" on the certified weight ticket.

   d.   At defendant COHEN's direction, defendant IER's employees would also input, access, and retain two sets of records for weights—"settle weight" and "our weight"—reflecting the actual weight, and the weight reported to defendant IER's client, which were retained on a third-party server, accessible through the internet, by one of defendant IER's employees.

   e.   Defendant IER would provide its customers with the fraudulent certified weight tickets, and other records falsely reporting the weight of the scrap metal as below its actual weight.

   f.   Defendant IER would pay its customers based on the fraudulent reported weight, rather than the actual weight, thereby shorting the customer of money that was due to the customer for the scrap metal it provided to defendant IER.

1    8.   In total, as a result of this shorting of weight scheme, defendants IER and COHEN defrauded defendant IER's customers of at least approximately $742,291.42.

D.   USE OF WIRES

9.   On or about December 7, 2018, in San Bernardino County, within the Central District of California, and elsewhere, defendants IER and COHEN, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of a wire communication in interstate commerce, resulting in the transfer of $11,416.35, namely, defendants IER and COHEN caused the transmission of a wire transfer from an Ontario, California-based City National Bank Account ending in 0725, to a customer's Atlantic Capital Bank Account, located in the State of Georgia.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offense set forth in this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party;

///

(c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Riverside Branch Office